UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD P. BRANDT,

    Plaintiff,

v.                                    CASE NO:  8:09-cv-126-T-26MAP

I.C. SYSTEM, INC.,

    Defendant.
_____/

**O R D E R**

This cause comes before the Court on Defendant's Motion for Summary Judgment and Memorandum of Law (Dkt. 14) and Plaintiff's Response in Opposition (Dkt. 26).

Plaintiff filed a Complaint based upon violations of 15 U.S.C. § 1692d(5), 15 U.S.C. § 1692c(a)(1), and 15 U.S.C. § 1692g under the Fair Debt Collection Practices Act ("FDCPA") (Count I), a violation of Section 559.72(7), Florida Statutes, under the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq*. ("FCCPA") (Count II), a state law claim for invasion of privacy (Count III), and a state law claim for negligent training and supervision (Count IV).  (Dkt. 1.)

Plaintiff claims that he incurred a financial obligation, or a "debt" as that term is defined by 15 U.S.C. §1692a(5), with the Target retail chain.  He adds that sometime in May, 2008, he made arrangements with a Target representative for full and complete payment of the debt, but in September, October, November and December of 2008 and

January of 2009, he received constant and numerous phone calls from Defendant, a "debt collector" as defined by 15 U.S.C. §1692a(6), to his cell phone in an attempt to collect the debt. He alleges that the calls persisted even after he informed Defendant's representatives that final payment on the debt had already been made to Target. Defendant's instant Motion seeks dismissal of all claims asserted by Plaintiff. Plaintiff now withdraws his claims against Defendant for violating 15 U.S.C. §1692g and for negligent training and supervision.

## Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (citation omitted). On a motion for summary judgment, the court must review the record, and all its inferences, in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Having done so, the Court now finds that genuine issues of fact preclude the entry of final summary judgment in Defendant's favor.

## Discussion

### Alleged Violations of 15 U.S.C. §§ 1692d and 1692c(a)(1)

The FDCPA is a strict liability statute, the purpose of which, as stated in § 1692(e), is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." In order to prevail on a FDCPA claim, a Plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002). Only communications "in connection with the collection of any debt" fall under the ambit of the FDCPA. Bailey v. Sec. Nat'l Servicing Corp., 154 F.3d 384, 388 (7th Cir. 1998). "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987).

Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The FDCPA prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692d(5) (emphasis added). The FDCPA further prohibits "communicat[ing] with a consumer in connection with the collection of any debt ... at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. § 1692c(a)(1). Courts have held that "[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the

pattern of calls." Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492, 505 (D. Md. 2004); Joseph v. J.J. MacIntyre Cos., 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002). Intent may be inferred by evidence that the debt collector continued to call the debtor after the debtor had asked not to be called and had repeatedly refused to pay the alleged debt, or during a time of day which the debtor had informed the debt collector was inconvenient. See Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008).

     Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is a genuine issue of material fact as to the number and pattern of phone calls Defendant made to him, and whether Defendant's repeated calls to Plaintiff demonstrate an intent to "annoy, abuse, or harass." Plaintiff testified by deposition that he informed Defendant to stop calling him, that the calls were upsetting him, and that he had already paid the disputed consumer debt. (Plaintiff's Depo., Dkt. 25, pp. 29-30.) He also testified that Defendant repeatedly called him on his cell phone and that the calls were bothering and disruptive to his employment as an attorney. (Id. at 26.) Once Plaintiff allegedly told Defendant to stop calling him, that he had already paid the alleged debt, and that their calls were bothering him, each of the 101 subsequent phone calls to Plaintiff constituted a violation of 15 U.S.C. § 1692d. See, e.g., Gilroy v. Ameriquest Mortgage Company, 632 F. Supp. 2d 132, 137 (D. N.H. 2009).

Alleged Violations of Section 559.72(7), Florida Statutes

When viewed in its entirety, the purpose and intent of the Florida Consumer Collection Practices Act ("FCCPA"), like the FDCPA, is to eliminate abusive and harassing tactics in the collection of debts.  See Trent v. Mortgage Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1361 (M.D. Fla. Jul. 20, 2007).  Also, like the FDCPA, the FCCPA applies only to communications made in an attempt to collect a consumer debt. Fla. Stat. § 559.72.

To establish liability under § 559.72(7), Florida Statutes, a plaintiff must show that the debt collector willfully engaged in conduct that harassed the consumer.  Defendant urges that the complaint is devoid of the kind of willful, harassing, or abusive conduct required to find a violation of this subsection of the FCCPA.  It is clear the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action.  See Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355 (S.D. Fla. 2000). The concept of knowledge and intent is not defined in the FCCPA; however, the FCCPA relies on the FDCPA for definitional guidance.  See Fla. Stat. § 559.552.  And, as Plaintiff asserts, the type of intent that can be inferred from the conduct by Defendant was previously set out in the Court's analysis of the FDCPA claims above.

Plaintiff alleges that Defendant "willfully communicated with the debtor with such frequency as can reasonably be expected to harass the debtor or his family…." thereby violating the FCCPA.  Defendant communicated with Plaintiff over 101 times between the dates of September 9, 2008 and November 7, 2008. (Martinez Affidavit,

Dkt. 14-1, ¶20.) Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is a genuine issue of material fact as to the number and pattern of phone calls Defendant made to Plaintiff, and whether Defendant's repeated telephone calls to Plaintiff demonstrates an intent to "abuse, or harass."

Alleged Violation of Common Law Tort of Invasion of Privacy

Plaintiff's final claim for relief raises invasion of privacy. Florida recognizes the invasion of privacy tort. See Forsberg v. Housing Authority, 455 So.2d 373 (Fla. 1984); Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944). As set forth in Agency for Health Care Administration v. Associated Industries of Florida, Inc., 678 So.2d 1239, 1252 n.20 (Fla. 1996), the four categories of the tort are: (1) appropriation -- the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion -- physically or electronically intruding into one's private quarters; (3) public disclosure of private facts -- the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye -- publication of facts which place a person in a false light even though the facts themselves may not be defamatory.

Plaintiff's relies on a category two intrusion analysis by virtue of Defendant's electronic intrusion by use of numerous and repetitive telephone calls to his cell telephone and, thus, into Plaintiff's private area. In Santiesteban v. Goodyear Tire & Rubber Company, 306 F. 2d 9,11 (5th Cir. 1962),[1] the Court stated:

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit

> We have found no Florida decision dealing with the undue harassment of a debtor aspect, as is the case here, of the right of privacy. However, these Florida authorities demonstrate that the right of privacy is recognized in Florida as it is in an overwhelming number of jurisdictions in this country. See Presser 'Privacy', 48 Cal.L.Rev. 383 (1960). See also Warren and Brandeis, 'The Right to Privacy', 4 Harv.L.Rev. 193 (1890) and 41 Am.Jur., Privacy §§ 4 and 5. And it has been generally held, where the right is recognized, that oppressive treatment of a debtor by a creditor in attempting to collect even a just debt may be an invasion of privacy. Biederman's of Springfield, Inc. v. Wright, Mo.1959, 322 S.W.2d 892; Bowden v. Spiegel, Inc., 1950, 96 Cal.App.2d 793, 216 P.2d 571; Bennett v. Norban, 1959, 396 Pa. 94, 151 A.2d 476, 71 A.L.R.2d 803; Housh v. Peth, 1956, 165 Ohio St. 35, 133 N.E.2d 340; Norris v. Moskin Stores, Inc., 1961, 272 Ala. 174, 132 So.2d 321; Brents v. Morgan, 1927, 221 Ky. 765, 299 S.W. 967, 55 A.L.R. 964; 77 C.J.S. Right of Privacy § 2; 41 Am.Jur., Privacy, § 30; 4 Restat., Torts, § 867; see also annotations in 55 A.L.R. 971, 91 A.L.R. 1495, 106 A.L.R. 1453, 138 A.L.R. 91, 168 A.L.R. 462; 14 A.L.R.2d 770, and 15 A.L.R.2d 158. Cf. Cunningham v. Securities Investment Co. of St. Louis, 5 Cir., 1960, 278 F.2d 600 where harassment of a debtor was recognized to be a part of the right of privacy in Louisiana, but under the facts the grant of summary judgment for defendant was affirmed.

Plaintiff's claim for invasion of privacy is laid out in the Complaint as follows:

> 27. Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.
> .....
> 30. Defendant and its agents undertook a series of communications to the Plaintiff's home constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiff's right to privacy; after repeated requests that the Defendant no longer contact them. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying a debt.

---

decided prior to the close of business on October 1, 1981.

31. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort and violated the Plaintiff's privacy.

32. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

As previously discussed, the number of telephone calls made by Defendant to Plaintiff in the present action totaled 101. As such, there is, at the least, a genuine issue as to whether Defendant's communications are of the type to qualify as being a clear demonstration of the intent of Defendant to "abuse or harass" Plaintiff, as opposed to a "minor irritation and intrusion," thereby evidencing the tort of invasion of privacy by intrusion. See Sparks v. Phillips & Cohen Assocs., Ltd. 641 F. Supp. 2d 1234, 1253 (S.D. Ala. June 20, 2008); see also Panahiasl v. Gurney, No. 04-04479JF, 2007 WL 73864 *3 (N.D. Cal. Mar. 8, 2007) (holding that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion).

In Collection Bureau of Orlando, Inc. v, Continental Cas. Co., 342 So. 2d 1019, 1020 (Fla. Dist. Ct. App. 1977), the Fourth District Court of Appeal noted:

> In enacting Florida Statutes, Sections 559.72 and 559.77, the legislature has provided a cause of action in debtor harassment situations not previously passed on or specifically recognized by the courts of this state. But this cause of action has been generally identified under the common law and in other jurisdictions as falling within the broad tort classification of invasion of privacy. Santiesteban v. Goodyear Tire & Rubber Company, 306 F.2d 9 (5th Cir. 1962). Housh v. Peth, 165 Ohio St. 35, 133 N.E.2d 340 (1956). With the passage of the statutes in question the legislature has further defined and protected an individual's right of privacy in this state.

The facts at bar clearly indicate that Defendant communicated with Plaintiff over 101 times between the dates of September 9, 2008 and November 7, 2008. The Court once again must find that there is a genuine issue of material fact as to the number and pattern of phone calls Defendant made to Plaintiff, and whether Defendant's repeated phone calls to Plaintiff demonstrate an intent to "abuse or harass" Plaintiff to demonstrate and evidence the tort of invasion of privacy by intrusion.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Motion for Summary Judgment (Dkt. 14) is denied.

**DONE AND ORDERED** at Tampa, Florida, on February 19, 2010.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**
Counsel of Record