UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD P. BRANDT,

    Plaintiff,

v.                                                       Case No. 8:09-cv-126-T-26MAP

I. C. SYSTEM, INC.,

    Defendant.

_____/

**PLAINTIFF'S PROPOSED VERDICT SHEET**

Pursuant to Rule 49 of the Federal Rules of Civil Procedure, Plaintiff EDWARD P. BRANDT, requests that the following Verdict Sheet be given to the jury to answer in the course of its deliberations. These questions and instructions will guide you in rendering your verdict. In answering these questions you should follow the Court's instructions of law.

**FIRST CLAIM**
**ALLEGED VIOLATION OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT**

**QUESTION NO. 1**: Did Plaintiff prove by a preponderance of the evidence that Defendant violated the Fair Debt Collection Practices Act by causing the telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the number called?

        _____ Yes         _____ No

**QUESTION NO. 2**: Did Plaintiff prove by a preponderance of the evidence that Defendant violated the Fair Debt Collection Practices Act by communicating with Plaintiff at an unusual

time or place or time and place known or which should have been know to be inconvenient to Plaintiff?

_____ Yes          _____ No

**QUESTION NO. 3**: If you answered either Question Number 1 or Question Number 2 with a "yes," then you must assess statutory damages up to $1,000.00 against the Defendant. Write the amount of statutory damages in the blank below.

$ _____

**QUESTION NO. 4**: If your answer to Question number 1 or Question Number 2 was "yes" then answer the following: What sum of money will fairly compensate Plaintiff for his actual damages related to the Defendant's violation of the Fair Debt Collection Practices Act?

$ _____

## SECOND CLAIM
## ALLEGED VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

**QUESTION NO. 5**: Did Plaintiff prove by a preponderance of the evidence that Defendant violated the Florida Consumer Collection Practices Act, by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff, or willfully engage in other conduct which can reasonably be expected to abuse or harass Plaintiff?

_____ Yes          _____ No

**QUESTION NO. 6**: If you answered Question Number 5 with a "yes," then you must also assess statutory damages up to $1,000.00 against the Defendant. Write the amount of statutory damages in the blank below.

$ _____

**QUESTION NO. 7**: If your answer to Question number 5 was "yes" then answer the following: What sum of money will fairly compensate Plaintiff for his actual damages related to the Defendant's violation of the Florida Consumer Collection Practices Act?

$ _____

## THIRD CLAIM
## ALLEGED VIOLATION OF RIGHT TO PRIVACY

**QUESTION NO. 8**:  Did Defendant intentionally interfere, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invading Plaintiff's privacy. That Defendant intentionally caused emotional harm to Plaintiff by engaging in a highly offensive conduct in the course of collecting this alleged debt, thereby invading and intruding upon Plaintiff's right to privacy. That Defendant undertook a series of telephonic communications constituting an invasion of privacy.

_____ Yes        _____ No

**QUESTION NO. 9**: If you answered either Question Number 8 with a "yes," then answer the following: What sum of money will fairly compensate Plaintiff for his actual and compensatory damages related to the Defendant's Invasion of Privacy – Intrusion upon Seclusion?

$ _____

                                                _____
                                                Foreperson

                                                _____
                                                Date

Dated this 26th day of May, 2010

    Respectfully submitted.

                                          **DICESARE, DAVIDSON, & BARKER, P.A.**

                                          /s/ Harold E. Barker
                                          _____
                                          Harold E. Barker, Esquire
                                          Florida Bar #0500143
                                          E-mail rbarker@ddblaw.com
                                          Post Office Box 7160
                                          Lakeland, Florida 33807-7160
                                          Phone (863) 648-5999
                                          Facsimile (863) 648-4755
                                          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on May 26, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will forward a copy to Dale T. Golden, Esquire, and Charles McHale, Esquire of Golden & Scaz, PLLC, 2124 West Kennedy Boulevard, Suite A. Tampa, Florida 33606.  I further certify that I mailed the foregoing

document and the notice of electronic filing by First Class Mail to the following non-CM/ECF participants: none.

**DICESARE, DAVIDSON, & BARKER, P.A.**

/s/ Harold E. Barker

_____
Harold E. Barker, Esquire
Florida Bar #0500143
E-mail rbarker@ddblaw.com
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
Attorney for Plaintiff