**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDWARD P. BRANDT,                **CASE NO.:** 8:09-cv-126-T-36MAP

      Plaintiff,                **Civil Action**

vs.

I.C. SYSTEM, INC.,

      Defendant.
_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [1]
(Preliminary Instruction)

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.  I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.  The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**.  On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking.**  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.  If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.  Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.  If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any

newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."   When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §Preliminary Instructions Before Trial*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [2]
(Consideration of The Evidence Duty To Follow Instructions)

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §2.2*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [3]
(Credibility Of Witnesses)

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §3*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [4]
(Impeachment Of Witnesses, Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §4.1*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [5]
(Burden of Proof)

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §6.1*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [6]
(Nature of the Action and Legal Definitions)

Plaintiff brings this action against Defendant, [in part], based on 15 U.S.C. § 1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I may refer to as the "FDCPA."

The FDCPA originally enacted by Congress became effective on March 20, 1978.  In passing the FDCPA, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices."  To this end, the FDCPA expressly prohibits debt collectors from engaging in numerous specific acts or practices and also mandatorily requires debt collectors in attempting to collect consumer debts for others to affirmatively perform specific acts.

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another.  The FDCPA also defines a "debt collector" to include any person who regularly collects a debt owed to another.  Defendant is a "debt collector" within the meaning of the FDCPA.

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt.

*15 U.S.C. § 1692a.*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [7]
(Plaintiff's Contentions)

Plaintiff contends that the Defendant violated the FDCPA in the following ways:

Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. § 1692d(5); and

Defendant communicated with Plaintiff at an unusual time or place or time and place known or which should have been known to be inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [8]
(1692d(5))

Section 1692d(5) of the FDCPA states that a debt collector may not:

> (5) Cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

*15 U.S.C. 1692d(5)*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [9]
(1692c(a)(1))

Section 1692c(a)(1) of the FDCPA states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.   In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

*15 U.S.C. § 1692c(a)(1).*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [10]
(Nature of the Action and Legal Definitions - FCCPA)

Plaintiff has also brought an action against Defendant based on Fla. Stat. Ch. 559, commonly known as the Florida Consumer Collection Practices Act, which for convenience I may refer to as the FCCPA.

FCCPA defines a "debtor" or "consumer" as any natural person obligated or allegedly obligated to pay any debt.

The FCCPA defines "debt" or "consumer debt," as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

The FCCPA defines "debt collector" as any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts.  Defendant is a debt collector within the meaning of the FCCPA.

Fla. Stat. §559.72-§559.785; *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509 (Fla. 1st DCA 2007); *Collection Bureau of Orlando v. Continental Casualty Co.,* 342 So. 2d 1019 (Fla. 4th DCA 1977).

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [11]
(559.72(7))

Plaintiff contends that the Defendant violated the FCCPA by willfully communicating with the debtor, Plaintiff with such frequency as can reasonably be expected to harass the debtor, Plaintiff, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor, Plaintiff.

Proof of numerous calls is not sufficient by itself to constitute a violation of the FCCPA if all must agree the debt collector called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation. You may consider such communications harassing in their frequency, however, when they continue after all such information has been communicated and reasonable efforts at persuasion and negotiation have failed.

*Fla. Stats., §559.72(7); Story v. J. M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977)

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [12]
(Actual Damages)

The FDCPA and FCCPA permit damages to be awarded against a debt collector who violates the FDCPA and FCCPA.

First, actual damages may be awarded to the Plaintiff as a result of the failure of Defendant to comply with the statutes.  Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

*15 U.S.C. § 1692k; McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360 (S.D. Fla. 2009); *Borders v. Gulf Coast Collection Bureau*, --- F. Supp. ___, 2009 WL 1885103 (M.D.Fla 2009); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1990); *In re Maxwell*, 281 B.R. 101 (Bankr. D. Ma. 2002); *In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [13]
(Statutory Damages)

In addition to actual damages, you may award statutory damages in an amount not to exceed of up to $1,000.00 under both the FDCPA and FCCPA.  The FDCPA and FCCPA provide that you shall consider among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

15 U.S.C. § 1692k(b)(1); *Harper v. Better Business Services, Inc.,* 961 F. 2d 1561 (11th Cir. 1992);  *Kobs v. Arrow Service Bureau, Inc.,* 134 F.3d 893 (7th Cir. 1998); *Robertson v. Horton Bros. Recovery, Inc.,* 2007 WL 2009703 (D. Del. 2007); *Boyce v. Attorney's Dispatch Serv.,* 1999 U.S. Dist. LEXIS 1124 (S.D. Ohio Feb. 2, 1999); *Carn v. Med. Data Sys.,* 2007 Bankr. LEXIS 1334 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Cambron,* 2007 WL 1076685 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Littles,* 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [14]
(Plaintiff's Invasion of Privacy Claim)

Plaintiff also brings this action against Defendant, under the Florida common law prohibiting invasion of privacy.

To establish a claim for the intrusion upon seclusion theory of invasion of privacy, a debtor must prove three separate elements: (1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person.

The determination of whether Defendant's telephone calls to Plaintiff were sufficiently offensive to support Plaintiffs claim of invasion of privacy depends on whether the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

*Santiesteban v. Goodyear Tire & Rubber Co.*, 306 F. 2d 9 (5th Cir. 1962); *Cason v. Baskin*, 20 So. 2d 243 (Fla. 1944); *In Re T.W.*, 551 So. 2d 1186, 1192 (Fla. 1989); *Publix Supermarkets, Inc. v. Johnson*, 959 So. 2d 1274 (Fla. 4th DCA 2007); *Shaktman v. State*, 553 So. 2d 148 (Fla. 1989); *Hilburn v. Encore Receivable Mgmt., Inc*., 2007 WL 1200949 (D. Or. 2007); *Mauri v. Smith*, 929 P. 2d 307 (Or. 1996); *Cartwright v. Tacala, Inc*., 2000 WL 33287445, at *15 (M.D. Ala. Nov. 1, 2000), *citing Norris v. Moskin Stores, Inc*., 132 So. 2d 321 (Ala. 1961); *Diaz v. D.L. Recovery Corp*., 486 F. Supp. 2d 474 (E.D. Pa. 2007); Restatement (Second) of Torts § 652B (1977). H. Thornburg, *Florida Privacy Law: Potential Application of Intentional Tort Principles and Florida's Constitutional Right of Privacy as Safeguards to Governmental and Private Dissemination of Private Information*, 4 FLA. COASTAL L.J. 137 (2003); Dee Pridgen & Richard M. Alderman, Consumer Credit And The Law § 13:4 (2007); Oppenheim v I.C. System, Inc. Case No. 8:09-cv-00497 (February 18, 2010).

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [15]
(Duty To Deliberate)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §7.1*

DEFENDANT'S PROPOSED JURY INSTRUCTION
NUMBER [16]
(Election Of Foreperson, Explanation Of Verdict Form(s))

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached     unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §8*