IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD P. BRANDT,                               CASE NO.: 8:09-cv-126-T-36MAP

Plaintiff,                    **Civil Action**

vs.

I.C. SYSTEM, INC.,

Defendant.
_____/

## DEFENDANTS' TRIAL BRIEF

I.C. SYSTEM, INC., [or hereinafter referred to as "Defendant"] files this Trial Brief as follows:

### I. Underlying Facts

Defendant was retained by Target Financial to collect an unpaid credit account debt from the Plaintiff in September 2008. Thereafter, Defendant sent Plaintiff a letter informing the Plaintiff of the aforementioned retention and requesting Plaintiff pay the debt. No response was received to the letter nor was it returned to Defendant as "undeliverable."

Over the course of the next two-plus months Defendant attempted to contact the Plaintiff by telephone. None of the attempts resulted in a conversation between Defendant and Plaintiff. The account was then closed and returned to the original creditor.

### II. Defendant's Position

Defendant denies any wrongdoing. While numerous attempts were made to contact the Plaintiff, none were successful. It appears from Plaintiff's deposition

testimony that the Plaintiff was being contacted by other debt collectors at or around the same time Defendant was attempting to contact him. Defendant did not refer the debt to any other collection agency for collection. Instead, Defendant attempted collection of the account and when that proved to be unsuccessful, closed the account and returned it to Target.

### III. Defendant's Motions in Limine

1. Evidence or testimony of prior litigation involving Defendant. Any such evidence is inadmissible "propensity" evidence. Moreover, it is irrelevant to the issues involved in the instant case. Whether or not Defendant has merely been sued or even found liable in other cases is not admissible to prove that Defendant violated the law in the instant case. Finally, any probative value of such evidence is outweighed by the unfair prejudice it would cause Defendant.

2. Evidence or testimony that Defendant is vicariously liable for the actions of other parties/debt collectors (other than Defendant's employees). There is no evidence that Defendant retained any third-party to collect the instant debt from the Plaintiff. At deposition, Plaintiff testified that he received calls from other debt collection agencies related to the same debt. There is no claim in this case that Defendant is vicariously liable for the acts of some other entity. Any such claim would have had to have been specifically pleaded by the Plaintiff. *See, Goldschmidt v. Holman,* 571 So. 2d 422 (Fla. 1990). Moreover, there is no evidence that Defendant retained any other entity to attempt to collect the debt from the Plaintiff.

3. Evidence or testimony of Plaintiff's communications with Target or evidence that Plaintiff did not owe the money. In his own Trial Brief (DE 41) Plaintiff seeks to

preclude Defendant from offering evidence or testimony regarding the validity of the underlying debt.  Defendant does not object to this request by the Plaintiff.  Given that fact, Plaintiff must himself be precluded from offering evidence or testimony regarding the validity of the underlying debt or his communications with Target, as the latter are hearsay.  Whether the Defendant violated the law in attempting to collect the debt from the Plaintiff has no bearing on whether the Plaintiff actually owed the money.  For example, the FDCPA and FCCPA both provide bases upon which the Plaintiff could have sued Defendant if Plaintiff believed that Defendant was attempting to collect a debt from Plaintiff that Plaintiff did no owe.  Having failed to bring any such claims, Plaintiff should not now be permitted to interject a new legal theory into the case.  The only purpose for such evidence is to portray Defendant as hell-bent on collecting a debt even though Plaintiff did not owe the debt.  Finally, the September 10, 2008 letter sent to the Plaintiff contained the "validation notice" required by 1692g.  That language indicates, *inter alia*, that if the Plaintiff did not dispute the debt within 30 days of receipt of the letter, Defendant had the right to assume the debt was valid.  It also gave Plaintiff the right to demand verification of the debt by sending a request to Defendant in writing within 30 days of receipt of that letter.  Plaintiff never sent a written request for verification to the Defendant.

4. Evidence or testimony that an attempted telephone call is a "communication" as defined by the FDCPA or FCCPA.  Plaintiff may attempt to argue that an attempted telephone call is, by itself, a communication under the FDCPA or FCCPA.  That is simply not accurate.  The FDCPA and FCCPA define communication as "the

conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2), Fla. Stats., §559.55(5).  As such, any evidence or testimony from the Plaintiff that Defendant's unanswered telephone attempts were "communications" under the FDCPA or FCCPA is simply a misstatement of law and would be unfairly prejudicial to Defendant.

Respectfully submitted:

>**GOLDEN & SCAZ, PLLC**
>By:  ____/s/ Dale T. Golden_____
>        Dale T. Golden, Esquire
>        Florida Bar No.: 0094080
>2124 W. Kennedy Blvd., Suite A
>Tampa, Florida  33606
>Telephone:  (813) 251-5500
>Facsimile:   (813) 251-3675
>E-mail:  dale.golden@goldenscaz.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all parties of record, this 26th day of May, 2010.

>/s/ Dale T. Golden_____
>DALE T. GOLDEN, ESQUIRE
>Florida Bar No. 0094080